IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TIMOTHY SAULS, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 1:19-CV-81 (LAG) |
| | : | |
| JEFF HOBBY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court are the Parties' Joint Motion to Reopen Case for Settlement Approval (Doc. 59) and Joint Motion for Preliminary Approval of Settlement and Conditional Class Certification (Doc. 60). For the reasons stated below, the Motions are **GRANTED**.

## BACKGROUND

Plaintiffs filed this putative class action based on alleged audio and visual interception of confidential communications that occurred in the Worth County Jail interview room. (Doc. 7 ¶ 1). After the case was filed, the Parties mediated the case twice and reached an agreement with regard to the relief that the putative class would receive. (Doc. 60-1 at 2). After the Parties advised the Court that they had agreed to settle the case, the Court administratively closed the case on July 7, 2021 and ordered the Parties to either dismiss or move to reopen the case within thirty days. (*See* Docs. 57–58). On August 6, 2021, the Parties filed the instant Motions. The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.7.

## LEGAL STANDARD

Before a class settlement can be finalized, Federal Rule of Civil Procedure 23 requires courts to: (1) preliminarily certify a class for settlement purposes, (2) preliminarily approve the settlement agreement, and (3) approve the manner in which the

class will be notified of the settlement. *See* Fed. R. Civ. R. 23(e); *see also Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 561 (N.D. Ga. 2007) (certifying a class "for the purposes of [a] proposed settlement only").

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial. But other specifications of . . . Rule [23] . . . demand undiluted, even heightened, attention in the settlement context.

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (citing Fed. R. Civ. P. 23(b)(3)(D)).

## DISCUSSION

Because the case was administratively closed, the Court first discusses the Parties' Motion to Reopen and then discusses the Motion for Preliminary Approval of Settlement and Conditional Class Certification.

**I.      Motion to Reopen Case for Approval of Settlement**

The Parties first move to reopen this case, pursuant to Federal Rule of Civil Procedure 23, "so that the Parties can file a motion that seeks preliminary certification of a class for settlement purposes, preliminary approval of the settlement agreement, and approval of the manner in which members of the class will be notified of the settlement." (Doc. 59-1 at 2). As the Parties timely filed their Motion to Reopen in accordance with the Court's prior Order (Doc. 58), and because preliminary approval of the class and settlement are required—as well as a fairness hearing—the Parties' Motion to Reopen (Doc. 59) is **GRANTED**.

**II.     Preliminary Approval of Class Settlement and Conditional Class Certification**

The Parties' Motion for Preliminary Approval of Settlement and Conditional Class Certification requests that the Court: (1) certify a class for settlement purposes, (2) appoint class counsel, (3) preliminarily approve the proposed Settlement, and (4) direct that notice shall be issued to the class. (*See generally* Doc. 60-1). The terms of the

Settlement are set out in the Settlement Agreement submitted to the Court on August 6, 2021, which Plaintiffs signed and Defendant's authorized representative signed. (*See* Doc. 60-3 at 13–18). Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

The Court, having considered the Joint Motion for Preliminary Approval of Settlement and Conditional Class Certification (Doc. 60-1), the attached Settlement Agreement (Doc. 60-3),[1] and the Parties' Proposed Order (Doc. 60-2) to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to Members of the proposed Settlement Class, it is hereby **ORDERED** that:

### A. Jurisdiction

The Court has jurisdiction over the subject matter of this Action and over all Parties in this Action, including all Members of the Settlement Class.

### B. Class Findings

The Court **PRELIMINARILY** finds, for purposes of the Settlement, that requirements of the Federal Rules of Civil Procedure, the Rules of the Court, and any other applicable law have been met as to the Settlement Class, in that:

1. The Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;
2. Based on allegations in Plaintiffs' Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class;
3. Based on allegations in Plaintiffs' Complaint, the Court preliminarily finds that the claims of Plaintiffs are typical of the claims of the Settlement Class;
4. Based on allegations in Plaintiffs' Complaint, the Court preliminarily finds that Plaintiffs Timothy Sauls, Zachery Lovett, Paul Wade, and Walter Walker will fairly and adequately protect the interests of the Settlement Class in that:

---

[1] This includes the Parties' revised "claim response form" that was emailed to the Court on September 9, 2021.

3

   a. The interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the Members of the Settlement Class;

   b. There are no significant conflicts between or among the Plaintiffs and the Settlement Class; and

   c. Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex class actions of this type; and

5. Based on allegations in Plaintiffs' Complaint, the Court preliminarily finds that the questions of law or fact common to Class Members predominate over any questions affecting only individual Members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court has considered:

   a. The Class Members' interests in individually controlling the prosecution or defense of separate actions;

   b. The extent and nature of any litigation concerning the controversy already begun by or against the Class Members;

   c. The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

   d. The likely difficulties in managing a class action.

**C. Class Certification**

Based on the findings set out above, the Court preliminarily certifies the following Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(3) in this litigation (the Settlement Class):

> All individuals who participated in a conversation that took place between July 13, 2017 and February 26, 2018 in the "Worth County Jail Interview Room"[2] between: (1) an inmate of the Worth County Jail and that inmate's attorney and/or (2) an inmate of the Worth County Jail who was being

---

[2]   The Parties specify that "[t]his room is located inside the Worth County Jail and it has been identified as the sole room next to the booking area to the right in the Jail." (Doc. 60-2 at 1 n.1).

> represented by the Public Defender's Office and an investigator for the Public Defender's Office.

(Doc. 60-2 at 1–2; Doc. 60-3 at 25). Excluded from the Class are "judicial officers that have presided over this case, the Defendant, Jeff Hobby, and his relatives." (Doc. 60-1 at 5 n.3; Doc. 60-2 at 2 n.2). The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification under Rules 23(a) and 23(b)(3).

### D. Preliminary Approval of Settlement

The Settlement Agreement is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that: (1) the proposed Settlement resulted from arm's-length negotiations; (2) the Settlement Agreement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (3) the Settlement appears on its face to be fair, reasonable, and adequate; and (4) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

### E. Class Counsel

As required by Federal Rule of Civil Procedure 23(g), the Court has considered:

1. The work Class Counsel has done in identifying or investigating potential claims in this Action;
2. Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action;
3. Class Counsel's knowledge of the applicable law and its knowledge of class actions and litigating the types of claims asserted in this Action; and
4. The resources Class Counsel has committed to representing the Class.

Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2), the Court preliminarily designates Nicholas W. Armstrong and Garrett Owens of Price Armstrong, LLC and Virgil L.

Adams of Adams, Jordan & Herrington, P.C. as co-lead Class Counsel for the Settlement Class in this Action.

**F. Class Representatives:** As indicated above, the Court finds that Plaintiffs Timothy Sauls, Zachery Lovett, Paul Wade, and Walter Walker are adequate and typical class representatives for the Settlement Class and, therefore, hereby appoints Plaintiffs Timothy Sauls, Zachery Lovett, Paul Wade, and Walter Walker as the representatives of the Settlement Class.

As the Court has determined preliminarily that this action may proceed under Rule 23(a) and 23(b)(3), Members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**G. Class Notice**

The Parties have presented to the Court a proposed Class Notice, which is appended to the Joint Motion for Preliminary Approval of Settlement and Conditional Class Certification of Settlement Class (Doc. 60) in the Settlement Agreement (Doc. 60-3) and is also enumerated in the Parties' Proposed Order. (Doc. 60-2 ¶ 6). The Court **APPROVES** the form and content of the Class Notice.

The Court finds that, with such language above-mentioned, the Class Notice fairly and adequately: (1) describes the terms and effect of the Settlement Agreement; (2) describes the Class claims, issues, or defenses; (3) states that a Class Member may enter an appearance through an attorney if the Member so desires; (4) states that the Court will exclude from the Class any Member who requests exclusion; (5) states the time and manner for requesting exclusion; and (6) states the binding effect of a Class judgment on Members.

The Parties have proposed communicating the Class Notice to Members of the Settlement Class via U.S. mail and by publication in the Sylvester Local News once a week for two weeks within fourteen days following the preliminary certification of the Class and Agreement. (*See* Doc. 60-3 at 3). The Court finds that such proposed manner is adequate. The Court directs that Defendants shall, by no later than **two (2) weeks** from

the date of this Order, cause the Class Notice agreed upon by the Parties to be disseminated pursuant to the Settlement Agreement to the last known address of each Member of the Settlement Class who can be identified by reasonable effort, and of each Member whose addresses are contained in the records maintained by the Worth County Jail shown on the spreadsheet attached to the Settlement Agreement as Exhibit C. (*See* Doc. 60-3 at 32–35).

At or before the Final Fairness Hearing, Defendants shall file with the Court proof of timely compliance with the foregoing mailing requirements.

## III. Final Fairness Hearing

A final fairness hearing pursuant to Rule 23(e) is hereby **SCHEDULED** to be held before the Court on **Thursday, March 10, 2022** at **10:00 AM** at the C.B. King United States Courthouse, 201 West Broad Avenue, Albany, Georgia, 31701 to determine finally, among other things:[3]

1. Whether the Settlement should be approved as fair, reasonable, and adequate;
2. Whether the Settlement Class satisfies the requirements of Rule 23, and should be finally certified as preliminarily found by the Court;
3. Whether the notice and notice methodology and procedures proposed by the Parties in notifying Class Members and implemented pursuant to the Settlement Agreement:
    a. Were reasonably calculated, under the circumstances, to apprise Members of the Settlement Class of the pendency of the litigation, and their right to opt out of the Settlement;
    b. Were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and
    c. Met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

---

[3] The Court reserves the right to continue the Final Fairness Hearing without further written notice or hold the Final Fairness Hearing virtually after conferring with the Parties to ensure that such a virtual hearing can be held in such a manner as to provide appropriate public access.

7

4. Whether Class Counsel adequately represents the Settlement Class for purpose of entering into and implementing the Settlement Agreement as required by Rule 23(g) and as preliminarily found by the Court;

5. Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Settlement Class, whether the Plaintiffs have acted independently, and whether the Plaintiffs' interests are identical to the interests of the Settlement Class; and

6. Any other issues necessary for approval of the Settlement Agreement.

## IV. Termination of Settlement Agreement

If the Settlement is terminated in accordance with the Settlement Agreement or does not become Final under the terms of the Settlement Agreement for any other reason, this Order and all Class Findings shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions prior to the entry of the order granting Joint Motion to Stay All Proceedings, entered June 10, 2021. (Doc. 56).

Further, if the Agreement is not approved by the Court, or if the Agreement is not otherwise consummated, for whatever reason, Defendant shall have **fourteen (14) days** to file a dispositive motion, and if Defendant's dispositive motion is filed within that fourteen-day period, it shall be deemed to have been filed in a timely manner. Additionally, the Parties agree that Plaintiffs will not argue to the Court, prior to the expiration of that fourteen-day period, that Defendant's lack of filing a dispositive motion amounts to abandonment, concession, estoppel, or any similar concept.

## V. Use of Order

The Settlement Agreement and any and all negotiations, documents, and discussions associated with the Agreement, shall not be deemed an admission or evidence of any violation of law, the amount of any damages owed to any Class Member, the value of attorney services provided to the Plaintiffs or Class Members, or any other matter.

## CONCLUSION

Accordingly, the Parties' Joint Motion to Reopen Case for Settlement Approval (Doc. 59) and Joint Motion for Preliminary Approval of Settlement and Conditional Class Certification (Doc. 60) are **GRANTED**. The Court hereby **ORDERS** the following deadlines:

- The Parties shall provide **notice** to the Class within **two (2) weeks** of this Order; and

- Each potential Class Member must submit an **Opt-Out Form** to Plaintiffs' attorneys no later than **twenty-one (21) days** prior to the Final Fairness Hearing; and

- Each potential Class Member must submit a **Response Form** no later than **ninety (90) days** following the final approval of the settlement; and

- The Court shall hold a **Final Fairness Hearing** at the C.B. King United States Courthouse, 201 West Broad Avenue, Albany, Georgia 31701 on **Thursday, March 10, 2022** at **10:00 AM**.

**SO ORDERED**, this 17th day of September, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**